## Case No. 14,784.

### UNITED STATES v. CHAPMAN.

[3 McLean, 390.] [1]

Circuit Court, D. Illinois. June Term, 1844.

PERJURY — BANKRUPT SCHEDULE — INDICTMENT — ITEMS OF SCHEDULE. .

1. In an indictment for perjury under the bankrupt law, in not giving a true and full account of the property of the petitioner, the items on the schedule need not be stated in the indictment.

2. The allegation that the property was omitted, with intent to defraud A. B. and the other creditors, is sufficient.

[Cited in U. S. v. French, 57 Fed. 389.]

Motion to quash an indictment.

Mr. Butterfield, U. S. Dist. Atty.

Logan & Field, for defendant.

OPINION OF THE COURT. This is an indictment for perjury under the bankrupt law. The defendant being an applicant under the bankrupt law, presented a petition, which is set out in the indictment; and a schedule was annexed, which was sworn to by the petitioner. The indictment charges that the schedule did not exhibit a true account of all his property; that he owned a certain real and personal property, which is stated, and which he omitted to set down in his schedule, corruptly, fraudulently, &c. The second count states the same charge, and that the petitioner had conveyed the property to his mother, in trust. A motion is made to quash this indictment. 1. That the schedule was not stated at large in the indictment. This is unnecessary. No more of the items of property need be stated, than those charged to have been fraudulently and corruptly omitted. 2. That the allegation that the said property was withheld to defraud one of the creditors, naming him, and others, is insufficient, as all the creditors should be named. The allegation is sufficient. All the creditors need not be named in the indictment. In this respect we think the indictment is good. The motion to quash is overruled.

[1] [Reported by Hon. John McLean, Circuit Justice.]